

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

July 29, 2024

**MEMO ENDORSED**

<u>*VIA ECF*</u>
Hon. Jessica G.L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

      Re: *Jefferson Siegel v. Sing Tao Newspapers New York LTD.*,
          Case No. 1:24-cv-01307-JGLC

Dear Judge Clarke:

      We represent the plaintiff Jefferson Siegel ("*Plaintiff*") in the above-referenced action and write, pursuant to Paragraphs 2(a) and 4(e) of Your Honor's Individual Practices, to respectfully request that the Court enter an Order dismissing the instant action pursuant to Federal Rule of Civil Procedure 41(a)(2).

      The reason for this request is that Plaintiff, via counsel, was apprised of new information by the New York Times on July 17, 2024, asserting the existence of a license from them to Defendant Sing Tao Newspapers New York LTD ("*Defendant*") for Defendant's use of Plaintiff's images. Following receipt of this new information, in order to avoid further burdening of the Court or the Mediation Office, the undersigned requested that Defendant consent to the entry of a stipulation of dismissal on July 19, 2024, July 23, 2024, and July 24, 2024. Unfortunately, Defendant has not taken a position with respect to Plaintiff's request.

      In that Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," (see e.g., *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Mensch Millwork Corp.*, No. 1:23-CV-00478 (JLR), 2023 WL 5956001, at *2 (S.D.N.Y. Sept. 13, 2023); *see also Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018) (An action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper)) and Defendant has not provided a response to Plaintiff's request, this application was required.

      Further, Plaintiff respectfully requests that the Court waive any requirement that a formal motion be filed, insofar as granting the request by the instant letter motion would conserve the resources of the parties, and grant this letter application to dismiss. Since learning of the third-

party licensing by the New York Times to Defendant, Plaintiff has made every effort to seek Defendant's cooperation in bringing this matter to closure prior to seeking formal relief from this Court. Insofar as the parties have yet to agree, Plaintiff came to believe that it would be preferable to seek relief from this Court sooner, rather than later, to avoid the expenditure of any further time and/or effort on the part of the parties and/or the Court.

                                                Respectfully submitted,

                                                */s/ Joshua D. Vera*
                                                Joshua D. Vera
                                                *Counsel for Plaintiff*

cc: Counsel of Record (via ecf)
    Mediator, Daniel. R. Murdock, Esq. (via email)
    Mediation Office (via email)

The parties are directed to confer regarding potential resolution of the matter and file a joint letter updating the Court on the status of the matter by **August 19, 2024.** The Clerk of Court is directed to terminate ECF No. 25.

SO ORDERED.

*[signature: Jessica Clarke]*

JESSICA G. L. CLARKE
United States District Judge

Dated: August 6, 2024
       New York, New York